HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone:   (213) 395-7620
Facsimile:   (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. d/b/a SUN DAIRY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE S DASHTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY (erroneously sued as "SUN DAIRY COMPANY"),<br><br>Defendant. | Case No.   2:26-cv-08674<br><br>**DEFENDANT PAC FILL, INC. D/B/A SUN DAIRY'S (ERRONEOUSLY SUED AS "SUN DAIRY COMPANY") NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT [ORIGINAL FEDERAL QUESTION JURISDICTION – 28 U.S.C. § 1331]**<br><br>Action Filed:   July 1, 2026<br>Trial Date:     None set |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendant Pac Fill, Inc. d/b/a Sun Dairy (erroneously sued as "Sun Dairy Company") ("Pac Fill" or "Defendant") hereby removes this action from the Superior Court of the State of California, County of Los Angeles to the United

1

States District Court for the Central District of California.

This removed action is the *third* live lawsuit involving Plaintiff and Defendant that arises from the same underlying set of operative facts. There are two pending federal actions in this District involving the *same parties* before Judge Anderson. Plaintiff is aware of this because he has been actively participating in those actions. Through this new action, Plaintiff attempts to evade federal jurisdiction and to vexatiously multiply proceedings through the fiction of suing Defendant under an alternative name, and by very carefully and tactically avoiding the use of key words that would signal to the reader that this case is a federal trademark dispute. Plaintiff knew to do this because the Court previously denied his motion to remand his *first* state-court lawsuit. But the reality cannot be changed or hidden through artful pleading. The basis of Plaintiff's claim for declaratory relief in this new action arises from a trademark dispute and requires resolution of questions under federal law, and therefore is removable to this Court.

## I.      STATE COURT ACTION

On July 1, 2026, Plaintiff Steve Dashti ("Plaintiff") filed his Complaint in the Superior Court of the State of California, County of Los Angeles, titled *Steve S Dashti v. Sun Dairy Company,* Case No. 26VECV03848, attached hereto as Exhibit 1 ("Complaint"). The Complaint asserts one claim for declaratory relief (Cal. Code Civ. Proc. § 1060).

The gravamen of the Complaint is Plaintiff's request for declaratory judgment regarding Defendant "Sun Dairy Company" and certain facts regarding Defendant's "legal identity" and "commercial business history and operations," among other things. (*Id.* at ¶¶ 31–33.) Plaintiff also seeks declaratory judgment ordering Defendant "to identify and establish the factual basis, legal basis, calculation, and evidentiary support for each category of commercial damages asserted against Plaintiff." (*Id.* at ¶ 32.) Plaintiff's cause for declaratory judgment arises from alleged "claims" made by Defendant for "substantial commercial damages against Plaintiff

arising from Defendant's alleged commercial business activities." (*Id.* at ¶ 4.)

Plaintiff filed a proof of service stating that he served the Complaint and Summons on Defendant by personal service under California Code of Civil Procedure § 416.10, on July 6, 2026. *See* Proof of Service of Summons, filed July 7, 2026, attached hereto as Exhibit 7.

## II.    STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1331. Although pleaded as a state law cause of action, Plaintiff's claim seeks declaratory relief that would necessarily determine rights and liabilities arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*.; and the complaint is therefore removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over Lanham Act claims.

### A.    Plaintiff's Declaratory Judgment Claim Arises Under the Lanham Act Because It Depends on Resolution of a Federal Question.

Even where a plaintiff ostensibly pleaded a state law cause of action, federal question jurisdiction exists where a declaratory judgment action seeks to adjudicate the validity or enforceability of rights that would be asserted in a coercive action arising under federal law. *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1157–58 (9th Cir. 2007). When a defendant removes a state law declaratory judgment action to federal court, it is the nature of the defendant's threatened coercive action that determines whether federal jurisdiction exists. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 17–22 (1983); *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 318 n. 4 (2d Cir. 2000).

Where a plaintiff seeks a declaration of non-infringement, or ownership or lack thereof of trademark rights, and the defendant could bring a coercive action under the Lanham Act, the action arises under federal law even if the complaint pleads only state law. *Rhoades*., 504 F.3d at 1157–58.

In Plaintiff's Complaint, he alleges that Defendant "has asserted substantial commercial damage claims against Plaintiff arising from Defendant's alleged

commercial business activities" comprising a "significant financial liability" on Plaintiff (Complaint ¶¶ 4–5, 23); that he is "unable to determine the legal identity, legal capacity, ownership, legal authority, or business status under which Defendant conducts business using the name 'Sun Dairy Company'" (*id.* at ¶ 26); and that a declaratory judgment is needed to establish these issues as well as the evidentiary and factual support for Defendant's "asserted commercial damage claims" (*id.* at ¶¶ 24, 27).

Plaintiff seeks declarations:

- Identifying Defendant's "true legal identity, legal capacity, legal authority, and business status" and "legal basis" under which Defendant uses the name "Sun Dairy Company";

- Identifying the factual basis and evidentiary support for Defendant's "commercial damage claims" against Plaintiff; and

- Establishing the respective rights and obligations of the parties concerning Defendant's "asserted commercial claims" (among other things).

(Complaint at 5 (Prayer for Relief).) Although vaguely pleaded, the "commercial claims" referred to in Plaintiff's Complaint are claims by Defendant of trademark infringement against Plaintiff arising from ownership and use of the trademark ABALI. These claims are the subject of ongoing, parallel federal litigation in this district: *Dashti v. Pac Fill, Inc.*, No. 2:26-cv-03385 PA (BFMx) (C.D. Cal. filed Jan. 21, 2026), and *Pac Fill, Inc. v. Dashti*, No. 2:26-cv-03645 PA (BFMx) (C.D. Cal. filed Apr. 6, 2026). In both of these actions, Defendant in this action has asserted claims of trademark infringement under the Lanham Act (arising under both common-law and federally-registered rights, under 15 U.S.C. §§ 1114 and 1125) against the Plaintiff in this action (either through claims or counterclaims). And, in both of these actions, Pac Fill, Inc.'s appearances in federal court have been made alongside disclosures of its DBA name: Sun Dairy. (*See* Request for Judicial Notice,

4

DFT PAC FILL, INC. dba SUN DAIRY'S NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT

Exs. 1–5.)

Specifically, on January 13, 2026—prior to the earliest pending relevant action in this Court—Defendant sent Plaintiff a cease-and-desist letter. (Declaration of Garner Weng ("Weng Decl.") ¶ 3, Ex. 1.) In that letter, Defendant referred to itself as *both* Pac Fill, Inc. and "Sun Dairy," and disclosed that it conducted business under the latter name. (*Id.*) The gravamen of the letter asserted Defendant's rights in the trademark ABALI in connection with yogurt soda and related goods, explained the likelihood of consumer confusion that was likely to arise from Plaintiff's use of a Persian-language equivalent of that mark in connection with identical goods, and demanded Plaintiff cease and desist from selling such goods. (*Id.*)

Accordingly, granting the relief sought in this new complaint would require the Court to determine whether Defendant owns valid trademark rights under the Lanham Act and whether Defendant could assert a viable claim for trademark infringement or related relief under the Lanham Act.

Plaintiff's pleading carefully avoids alleging the nature of the "commercial claims" asserted by Defendant, the origin of the "significant financial liability" complained of, or Defendant's legal name in this and the federal actions (Pac Fill, Inc.). This omission is deliberate. Plaintiff filed this state-court action with full knowledge of the pending federal litigation, under the pretense of asserting a deceptively facially-unrelated declaratory relief claim against "Sun Dairy Company," a version of a name under which Pac Fill, Inc. has appeared in the prior actions and does business. (Weng Decl. ¶ 4.) (To be clear, Plaintiff has alleged no facts establishing the existence of a separate legal entity named "Sun Dairy Company.")

Plaintiff has tried this before, which explains his deliberately vague pleading. The first action in this dispute, *Dashti v. Pac Fill, Inc.*, No. 2:26-cv-03385 PA (BFMx) (C.D. Cal. filed Jan. 21, 2026), was removed from state court by Pac Fill. Dashti moved to remand. The Court denied that motion, finding that "based on the

23322203.1

nature of Defendant's threatened action, federal question jurisdiction over this action exists." (Request for Judicial Notice, Ex. 3 at 7.) The only inference from this new complaint is that Dashti seeks to evade the federal court's jurisdiction through artful pleading.

The declaratory relief Plaintiff seeks—information about Defendant's "legal identity" and evidence supporting Defendant's claims—is an attempt to make an end-run at discovery and collaterally litigate the merits of the underlying trademark dispute, outside the pending federal litigation where Plaintiff has been repeatedly admonished for failing to follow procedural rules. In other words, although Plaintiff has deliberately obfuscated the origin of his declaratory cause of action, there simply is no other underlying dispute separate from Defendant's state- and federal-law claims for trademark infringement in the prior pending federal actions.

Accordingly, resolution of Plaintiff's declaratory-relief claims necessarily requires adjudication of issues concerning the validity, scope, ownership, and enforceability of trademark rights under the Lanham Act, conferring federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiff may not defeat federal jurisdiction through artful pleading or by recharacterizing a federal-law trademark dispute as a state-law controversy. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983). Plaintiff has pleaded no viable state-law claim that is separate from the underlying controversy in the parallel federal litigation, which itself arises under federal trademark law. At heart, Plaintiff's complaint here is a specious attempt to escape the federal court's jurisdiction and vexatiously multiply those proceedings.

## III.    REMOVAL IS TIMELY

An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days after the defendant receives an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.

§ 1446(b). Based on the dates stated in the Proof of Service, no more than 30 days have elapsed. (*See* POS, Exhibit 7.) Defendant's time to remove began, at the earliest, when service was deemed complete on July 6, 2026. Because this Notice of Removal is being filed within 30 days of that date, removal is timely under 28 U.S.C. § 1446(b).

## IV.    VENUE AND DIVISIONAL ASSIGNMENT

Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 and 1441(a) because the action was pending in Los Angeles County, which lies within this District.

Assignment to the Western Division (Los Angeles) is proper because the state court action was filed in Los Angeles County.

## V.    NOTICE TO STATE COURT AND ADVERSE PARTY

Promptly after filing this Notice of Removal, Defendant will file a Notice of Removal with the Clerk of the Superior Court of California, County of Los Angeles, and serve all adverse parties, as required by 28 U.S.C. § 1446(d).

## VI.    RESERVATION OF RIGHTS

Defendant does not waive any defenses or objections by removing this action and expressly reserves all Rule 12 defenses.

## VII.   COPIES OF ALL PLEADINGS AND NOTICES FILED IN THE SUPERIOR COURT

Pursuant to 28 U.S.C. § 1446 (a), attached hereto are all pleadings and notices filed in the Los Angeles County Superior Court regarding this action:

Exhibit 1:    Complaint in the Superior Court of the State of California, County of Los Angeles, captioned *Steve S Dashti v. Sun Dairy Company,* Case No. 26VECV03848

Exhibit 2:    Summons, Los Angeles County Superior Court

Exhibit 3:    Civil Case Cover Sheet

Exhibit 4:    Notice of Case Assignment

Exhibit 5:    Case Management Conference Notice

Exhibit 6:    Los Angeles County Superior Court Alternative Dispute Resolution Information Sheet

Exhibit 7:    Proof of Service re: "Sun Dairy Company"

WHEREFORE, Defendant hereby gives notice that this action is removed in its entirety to the United States District Court for the Central District of California, where it shall proceed as though originally filed.


DATED:  August 5, 2026                    HANSON BRIDGETT LLP


                                        By:        /s/ Garner K. Weng
                                            RAFFI V. ZEROUNIAN
                                            GARNER WENG
                                            JUSTIN P. THIELE
                                            SUSANNA L. CHENETTE

                                            **Attorneys for Defendant**
                                            PAC FILL, INC. d/b/a SUN DAIRY

23322203.1

DFT PAC FILL, INC. dba SUN DAIRY'S NOTICE OFER REMOVAL AND REMOVAL TO FEDERAL COURT

# <u>PROOF OF SERVICE</u>

## *Dashti v. Pac Fill, Inc. dba Sun Dairy*

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 5, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC. D/B/A SUN DAIRY'S (ERRONEOUSLY SUED AS "SUN DAIRY COMPANY") NOTICE OF REMOVAL AND REMOVAL TO FEDERAL COURT [ORIGINAL FEDERAL QUESTION JURISDICTION – 28 U.S.C. § 1331]** on the interested parties in this action as follows:

Steve S Dashti                    ***Plaintiff in Pro Per***

21200 Oxnard Street, #508
Woodland Hills, CA 91367

stevedashti@gmail.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 5, 2026, at Walnut Creek, California.

*Laura Prongos*

Laura A. Prongos

Case No.

23322203.1

PROOF OF SERVICE