FILED
CLERK, U.S. DISTRICT COURT
08/06/2026
CENTRAL DISTRICT OF CALIFORNIA
BY GSA DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Tel: 8183503513
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE S DASHTI, an individual**

Plaintiff

v.

**SUN DAIRY COMPANY; and DOES 1 through 10, inclusive**

**Defendants**

2:26-cv-08674-DSF-RAO

**Case No. 2:26-cv-08674**

PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASES (DKT. 4)

[L.R. 83-1.3.3]

NO HEARING REQUIRED

# PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASES

Plaintiff Steve S Dashti, appearing pro se, timely objects under Local Rule 83-1.3.3 to the Notice of Related Cases filed by Pac Fill, Inc. (Dkt. 4). This action does not qualify as related to Case Nos. 2:26-cv-03385-PA (BFMx) or 2:26-cv-03645-PA (BFMx) under Local Rule 83-1.3.1.

The two prior actions concern Pac Fill's asserted rights in the ABALI trademark, alleged infringement, and related federal and state trademark claims. This action is materially different. The state-court Complaint names Sun Dairy

Company—not Pac Fill—and pleads one claim for declaratory relief under California Code of Civil Procedure section 1060. It asks the Court to determine Sun Dairy Company's legal identity, existence, capacity, authority, business status, use of that company name in California marketplace activities, and the basis for commercial-damage claims asserted under that name. The Complaint does not mention ABALI, the Lanham Act, trademark infringement, noninfringement, cancellation, or invalidity.

Local Rule 83-1.3.1 provides that cases are related when they arise from the same or closely related transaction, happening, or event; call for determination of the same or substantially related questions of law and fact; or would otherwise entail substantial duplication of labor if heard by different judges. The Rule further provides that cases involving the same trademark do not, for that reason alone, satisfy those standards. Here, the present Complaint does not even place Pac Fill's ABALI trademark at issue.

Pac Fill's statement that there is no dispute separate from its trademark claims assumes the answer to the central issue pleaded in this action. Plaintiff specifically filed the state-court action because publicly available records did not reveal what Sun Dairy Company is, whether it legally exists or is registered in California, or under what authority it conducts business using that company name.

Pac Fill cannot create relatedness by replacing the named Defendant in the federal caption, declaring "Sun Dairy" or "Sun Dairy Company" to be its d/b/a, and importing trademark claims that Plaintiff did not plead.

Most fundamentally, as pleaded in state court, this action does not name Pac Fill as a defendant and does not seek relief against Pac Fill. Any asserted connection to Pac Fill depends entirely on Pac Fill's disputed and presently unsupported claim that Sun Dairy Company is its d/b/a. The Complaint concerns Sun Dairy Company's disputed legal identity, existence, capacity, authority, and California business activities. It asserts no federal claim and requests no determination concerning any trademark owned or claimed by Pac Fill.

Pac Fill cannot create a connection to itself or to federal law merely by filing a Notice of Removal, rewriting the federal caption, or asserting—without an adjudication or competent supporting evidence—that Sun Dairy Company is its d/b/a. Those unilateral assertions do not amend the state-court Complaint, substitute Pac Fill as a defendant, convert this state-law controversy into a federal trademark action, or establish that this case is related to Pac Fill's prior federal trademark cases.

The assertion "Pac Fill, Inc. d/b/a Sun Dairy (erroneously sued as 'Sun Dairy Company')" is disputed and has not been adjudicated. No state-court order amended the Complaint, substituted Pac Fill, or joined Pac Fill as a defendant. Pac Fill's Notice attaches no fictitious-business-name registration, corporate record, assignment, succession document, or other competent evidence establishing that

Sun Dairy Company is legally identical to Pac Fill. Repetition of the same assertion in captions drafted by Pac Fill in the prior cases does not establish its truth.

Nor do the prior cases determine the threshold issues presented here. Sun Dairy Company did not assert an independent claim or counterclaim in those actions, was not identified as the owner of the cited federal trademark registration, and had no separately adjudicated legal status. No prior order determined that Sun Dairy Company was formed, registered, authorized to conduct business, or legally identical to Pac Fill. The identity and California business-status questions raised in the present Complaint therefore do not duplicate the trademark questions presented in the prior actions.

The mere appearance of the name “Sun Dairy” or “Sun Dairy Company” in a caption or filing in a prior federal action does not establish that the present state-law action is related to that action. No court in either prior case adjudicated Sun Dairy Company’s legal existence, California registration, capacity to conduct business, or legal relationship—if any—to Pac Fill. The present action requires determination of those state-law issues before Pac Fill’s unsupported identity assertion can be accepted.

Related-case treatment also cannot cure defective removal, create federal-question jurisdiction, or determine whether an entity not named as a defendant possessed removal authority under 28 U.S.C. § 1441(a). Plaintiff separately seeks remand because Pac Fill was not a named defendant and because the Complaint presents no federal question. At minimum, the Court should decide removal authority and subject-matter jurisdiction before making any reassignment, consolidation, or merits determination based on Pac Fill's disputed identity assertion.

For these reasons, Plaintiff respectfully requests that the Court determine that this action is not related to Case Nos. 2:26-cv-03385-PA (BFMx) and 2:26-cv-03645-PA (BFMx) under Local Rule 83-1.3.1.

Alternatively, Plaintiff requests that the Court first examine the evidence concerning Sun Dairy Company's legal identity, existence, ownership, registration status, and authority to conduct business in California. The record indicates that invoices have been issued in California under the name "Sun Dairy Company," yet Plaintiff has been unable to locate any California state record establishing the existence, registration, or legal status of an entity under that name. Pac Fill has not produced competent evidence identifying who owns or operates Sun Dairy

Company, the legal authority under which that name is used, or the legal relationship—if any—between Sun Dairy Company and Pac Fill.

Pac Fill's removal and related-case filings should not permit its disputed and unsupported d/b/a assertion to substitute for competent evidence establishing Sun Dairy Company's legal identity, registration status, authority to conduct business in California, or legal relationship to Pac Fill. The use of the name "Sun Dairy Company" on California sales invoices raises a threshold state-law issue concerning the identity and authority of the entity conducting business under that name. That issue should not be resolved indirectly through a related-case designation based solely on Pac Fill's unproven characterization of Sun Dairy Company as its d/b/a.

Accordingly, before making any related-case determination, reassignment, or consolidation, the Court should determine whether Pac Fill had authority to remove this action, whether federal subject-matter jurisdiction exists, and whether competent evidence establishes the claimed legal relationship between Pac Fill and Sun Dairy Company. Unless and until the Court denies Plaintiff's Motion to Remand, no related-case determination, reassignment, or consolidation should occur. If remand is granted, no federal related-case determination will be necessary.

Dated: August 6, 2026

/s/ Steve Dashti

STEVE S DASHTI

Plaintiff, Pro Se

# PROOF OF SERVICE

I, Steve Dashti, declare that I am the Plaintiff in this action, am over the age of eighteen, and am proceeding without counsel. My address is 21200 Oxnard Street, No. 508, Woodland Hills, California 91367.On August 6, 2026, I served a true and correct copy of the following document:

**PLAINTIFF'S OBJECTION TO NOTICE OF RELATED CASES (DKT. 4)**

I served the foregoing document by electronic mail on the office of counsel for Pac Fill, Inc., through the following office contact:

Laura A. Prongos, Legal Secretary
Hanson Bridgett LLP
lprongos@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071

Laura A. Prongos is the legal secretary through whom counsel for Pac Fill, Inc. served Plaintiff with the Notice of Removal and supporting papers in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 6, 2026, at Woodland Hills, California.

/s/ Steve Dashti
STEVE S DASHTI
Plaintiff, Pro Se