HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
JUSTIN P. THIELE, SBN 311787
Jthiele@hansonbridgett.com
601 W. 5th Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 395-7620
Facsimile: (213) 395-7615

HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
gweng@hansonbridgett.com
SUSANNA L. CHENETTE, SBN 257914
schenette@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

***Attorneys for Defendant***
PAC FILL, INC. d/b/a SUN DAIRY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVE S DASHTI, an individual<br><br>Plaintiff,<br><br>v.<br><br>PAC FILL, INC., a California corporation d/b/a SUN DAIRY(erroneously sued as “SUN DAIRY COMPANY”),<br><br>Defendant. | Case No. 2:26-cv-08674-PA-RAOx<br><br>**DEFENDANT PAC FILL, INC.’S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT [Fed. R. Civ. P. 12 (b)(6)]**<br><br>Date: September 14, 2026<br>Time: 1:30 p.m.<br>Ctrm: 9A<br>Judge: Hon. Percy Anderson |

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Dashti Does Not Show that his Complaint States a Claim for Declaratory Judgment .......... 2

1. Dashti's explanation of an "actual, present state-law controversy" is conclusory, evasive, and does not satisfy § 1060 .......... 2

2. Dashti impliedly admits that the present action is related to the parallel actions and that he has alternative remedies .......... 3

3. Dashti's arguments about Pac Fill's identity and authority belie his improper *Catch-22* strategy .......... 4

4. Dashti should not be granted leave to amend .......... 5

B. The Court Should Consider Dismissal Without Delay .......... 6

C. Pac Fill Sought to Comply with Local Rule 7-3 But Dashti Refused to Speak .......... 8

III. CONCLUSION .......... 10

## I. INTRODUCTION

Pac Fill moves (Dkt. 7, the "Motion") to dismiss Dashti's Complaint (Dkt. 1-1, the "Complaint") (the second one he has filed in this three-lawsuit dispute)[1] because it fails to state a claim for declaratory relief. Dashti's complaint seeks a mere advisory opinion, does not adequately allege the nature of the underlying controversy, and seeks relief that is already available to Dashti in the two parallel pending proceedings. Pac Fill also respectfully requests that the Court exercise its inherent authority to address the vexatiousness of Dashti's duplicative and overlapping filing.

Dashti's opposition brief (Dkt. 19, the "Opposition" or "Opp.") addresses none of these issues substantively in more than passing fashion. This is because Dashti's state-court complaint was an artful pleading aimed at dodging this federal Court's jurisdiction and vexatiously increasing Pac Fill's litigation burden. Dashti's strategy is a "win-win" for Dashti. Either Pac Fill defaults in the miscaptioned state-court action, and Dashti obtains a default judgment for leverage in the federal cases; or Pac Fill responds to the Complaint, and Dashti is afforded yet another opportunity to seek discovery and demand evidence. This is a waste and an abuse of limited federal and state judicial resources.

Dashti hand-waves in conclusory fashion toward an "actual, present state-law controversy" giving rise to entitlement to declaratory relief, but conspicuously fails to explain what that controversy *is.* Rather, aware of the need to avoid pleading himself deeper into federal court, Dashti feints a convoluted argument that his only grounds for declaratory relief arise from his desire to seek discovery into the identity of "Sun Dairy Company"—a name he knows Pac Fill uses. In doing so, Dashti has impliedly conceded that there is neither a sufficient controversy to support his

[1] This case, Case No. 2:26-cv-03385 PA (BFMx) (the "3385 Action"), and Case No. 2:26-cv-03645-PA (BFMx) (the "3645 Action").

complaint for declaratory relief nor any relief sought beyond factual discovery to support a merely advisory opinion.

Dashti's quibbles regarding Pac Fill's compliance with Local Rule 7-3 are meritless. The reality is that Pac Fill gave Dashti over a week's advance notice that it would move to dismiss the present complaint, and repeatedly requested that Dashti provide dates and times for a live conversation. Dashti's responses were confused and he never agreed to speak with Pac Fill. Nor did Dashti appear at *two* scheduled meet-and-confer calls regarding other matters in which Pac Fill might have had the opportunity to discuss this motion with Dashti even after it was filed, or an in-person court-ordered conference on discovery in the parallel actions. Because Dashti has repeatedly outright refused to comply with Local Rule 7-3 for his many motions (including for his co-pending motion for remand in this case) despite the Court's repeated admonishments and because he has failed to appear at court-ordered conferences to discuss other pending motions, he should not be heard to complain about the rule now.

The Court must see the Complaint for what it is: tactical gamesmanship in the form of a *Catch-22* scheme against Pac Fill. The Court should dismiss the Complaint with prejudice and without leave to amend, and should admonish Dashti for his waste of court resources.

## II. ARGUMENT

### A. Dashti Does Not Show that his Complaint States a Claim for Declaratory Judgment

#### 1. Dashti's explanation of an "actual, present state-law controversy" is conclusory, evasive, and does not satisfy § 1060

As explained in Pac Fill's Motion, entitlement to declaratory judgment under § 1060 requires the existence, as relevant here, of an actual controversy. A pleading for declaratory relief must adequately allege the nature of such a controversy. Dashti's Complaint only vaguely alleges the existence of a "claim" for "commercial

damages," which is insufficient under *Twombly* and *Iqbal*. Dashti in opposition provides no additional context or argument about a controversy other than repeating the language of his Complaint.

In a section of only two paragraphs, Dashti asserts in conclusory fashion that he seeks "a declaration identifying the legal person or business status under which 'Sun Dairy Company' made commercial representations and asserted commercial-damage claims, and the authority and legal basis under which that name is used in California commerce." (Opp. at 6–7.) Dashti provides no explanation of what the "commercial representations" or "commercial-damage claims" are, or how they are sufficient to give rise to declaratory relief.

Rather, Dashti's Opposition appears to reveal that Dashti believes the mere existence of his own questions about an entity named "Sun Dairy Company" are *themselves* a sufficient dispute to give rise to a claim for declaratory judgment. (Opp. at 6.) That is not the law. Dashti does not cite a single judicial opinion or other authority that would support his argument he is entitled to an essentially unlimited scope of declaratory relief based on the facts he has pleaded here. Section 1060's text requires an "actual controversy relating to the legal rights and duties of the respective parties," which federal courts evaluate at the pleading stage under *Twombly* and *Iqbal*. Untethered from an actual and sufficiently pleaded controversy, Dashti's requested declarations do not serve to identify any party's legal rights or duties. To hold otherwise would entitle anyone, under the barest pretext, to call parties to court to litigate freewheeling, far-reaching questions in the style of an inquisition.

### 2. Dashti impliedly admits that the present action is related to the parallel actions and that he has alternative remedies

As explained above and in Pac Fill's Motion and notice of removal, Dashti's pleading is an artful attempt at escaping federal-court jurisdiction to force Pac Fill to either risk default or litigate on a third front. To maintain the fiction that there is any

separate dispute, Dashti argues in circles while hiding the ball about what gives rise to his new complaint.

However, suffice it to say that Dashti's own articulation of his argument belies his position. Dashti summarizes his argument, "This Action Is Not Duplicative Merely Because Other Federal Cases Concern ABALI." (Opp. at 7.) But that is precisely why it is duplicative. Dashti seeks to collaterally litigate his legal rights and position with regard to Pac Fill's ABALI trademark, but via a "gotcha" action against an illusory third party rather than in the two existing cases. Dashti has sufficient avenues to pursue his factual theories in discovery in the parallel cases, and the present action is therefore duplicative and subject to dismissal. *Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1245 (D. Nev. 2013); *see also Murillo v. Taylor*, 2015 WL 4488060, at *7 (S.D. Cal. July 22, 2015) ("If the same cause of action and the same interests typify the two actions, dismissal on the basis of an action's duplication is merited, whether the reason be deemed a complaint's frivolity or its maliciousness, even though pro se filing[s] are to be liberally construed.").

### 3. Dashti's arguments about Pac Fill's identity and authority belie his improper *Catch-22* strategy

Dashti's Opposition complains at length that Pac Fill is not the proper party to defend this action originally brought against "Sun Dairy Company." (Opp. at 8–10.) But Dashti's Complaint puts Pac Fill in an impossible position. Dashti has seen—for many months, including since Pac Fill's original cease-and-desist letter and its pleadings in the parallel cases—that Pac Fill uses the name "Sun Dairy" in certain public-facing contexts. (*See, e.g.*, Dkt. 6 (Request for Judicial Notice) at Ex. 2 and 4). Dashti misleadingly suggests that Pac Fill is hereby "act[ing] on behalf of another company," and that "Sun Dairy Company has not appeared in this action." (Opp. at 9.)

Dashti is using this third action as a tactical "gotcha" maneuver. If Pac Fill took the position that there is no entity with the legal name "Sun Dairy Company"

and did not respond to Dashti's Complaint, Pac Fill risked Dashti obtaining a default declaratory judgment from the state court. Dashti would doubtless seek to use such a default declaratory judgment against Pac Fill in the present case for whatever preclusive effect it may have on unknown factual issues, without any opportunity for Pac Fill to be heard in the underlying matter.

So Pac Fill *must* respond to Dashti's Complaint. Dashti then complains and demands production of "competent evidence" to establish Pac Fill's position in this lawsuit. (Opp. at 9.) The result is the same: Dashti wins, this time by getting via a back door the discovery that he is *already seeking* in the parallel cases or some kind of presumption that such evidence does not exist.[2] This is an abuse of judicial resources of both the federal and California courts.

The truth here is simple: Dashti filed this separate action in order to either force Pac Fill to litigate a collateral action or to gain an improper advantage in the already-pending parallel actions. Dashti served the summons for the named defendant in this action *at Pac Fill's business address*. (*Compare* Dkt. 1-7 *with* Dkt. 6, Ex. 1 at ¶ 97.) Dashti's Opposition brief is replete with references to Pac Fill's ABALI trademark. (Opp. at 2, 7, and 9.) Dashti has propounded discovery in the parallel cases regarding the "Sun Dairy" DBA name. (Dkt. 7-2 (Weng Decl. ISO Motion), Ex. A.) Pac Fill is the only party adverse to Dashti in this dispute, no matter how Dashti captions his papers.

**4. Dashti should not be granted leave to amend**

Dashti's complaint is subject to dismissal because it fails to state a claim. Despite the favor given under normal circumstances by the Federal Rules of Civil

[2] But Dashti has not even properly pursued discovery in the related cases. He filed a motion to compel discovery in the 3385 case without adequately meeting and conferring with Pac Fill (Dkt. 7-3, Exs. 1 and 2), and then did not appear at the Court's hearing on the motion. The Court denied the motion on these and other procedural grounds (3385 Action Dkt. 76).

Procedure and the Court's standing orders toward granting leave to amend pleadings, these are not normal circumstances. This complaint represents the third parallel proceeding in this needlessly protracted litigation saga. Dashti has already amended his pleadings in the parallel actions, and is seeking to do so *again* in the 3385 Action. (3385 Action Dkt. 70–72.) Further, Dashti does not even suggest what additional allegations could possibly cure the deficiencies in the present Complaint, leaving the Court and Pac Fill in limbo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Dashti's tactics have gone too far, and the Court should maintain the integrity of its docket and conserve its limited resources by not countenancing further futile pleadings in this duplicative action.

**B. The Court Should Consider Dismissal Without Delay**

Dashti has filed a motion to remand this action to state court. (Dkt. 18.) Pac Fill has or will oppose that motion, and reserves its arguments on subject-matter jurisdiction for that briefing. But Dashti's request that the Court should "resolve remand first and stay, defer, or take [Pac Fill's motion to dismiss] off calendar pending that determination" is unjustified. (Opp. at 3–4.) Dashti has cited no authority supporting such a request. Rather, the Court should consider both motions together, as other courts have also done in similar circumstances. *EVIG, LLC v. Mister Brightside, LLC*, 2023 WL 2717291 (D. Nev. Sep. 5, 2023) (simultaneously denying motion to remand and granting motion to dismiss a complaint arising from a Lanham Act dispute for failure to state a claim). Without addressing remand and subject-matter jurisdiction in this briefing, Pac Fill notes that Dashti's request to decide remand first *without also* evaluating dismissal would serve Dashti's improper purpose in this parallel pleading: to force Pac Fill to litigate the same dispute in

multiple cases and in multiple forums.

There is no fatal tension between Pac Fill's removal of Dashti's complaint to federal court and its present motion to dismiss. As explained in Pac Fill's filings supporting removal, Dashti's Complaint is an example of "artful pleading" designed deliberately to evade federal jurisdiction for what is essentially a trademark dispute. Under the artful-pleading doctrine, the Court may consider matters outside the four corners of the Complaint in evaluating its subject-matter jurisdiction. *Littel v. Bridgestone/Firestone, Inc.*, 259 F. Supp. 2d 1016 (C.D. Cal. 2003) ("… where a defendant asserts 'artful pleading,' the court may examine the removal notice *and supporting affidavits* to determine whether the plaintiff's claim presented arises under federal law.") (emphasis added).

But the question of whether a complaint actually states a claim for relief is evaluated under Fed. R. Civ. P. 12(b); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The standard requires that a plaintiff actually plead sufficient facts which, if true, would give it entitlement to the relief it seeks. It is both true that Dashti's state-court complaint itself ultimately arises from a live federal trademark dispute, and that the face of the complaint itself fails to establish any entitlement to the requested declaratory relief. Any incongruity is attributable solely to Dashti's gamesmanship in bringing this action in the first place, rather than properly litigating and seeking discovery in the *two* preexisting cases on the same subject matter. Dashti cites no authority that a defendant may not remove a complaint to federal court and then immediately seek to dismiss it under Fed. R. Civ. P. 12(b)(6).

Rather, it is Dashti's Complaint itself that creates an untenable tension. Dashti is party to two pending actions in this Court arising out of the Lanham Act, all adverse to Pac Fill (which has routinely disclosed its DBA name, Sun Dairy). Rather than seek discovery in these cases regarding the facts he seeks, Dashti drafted a too-clever state-court complaint that conspicuously failed to describe the true nature of

the dispute between himself and Pac Fill with the benefit of the Court's order on his prior motion to remand in the 3385 Action. The omissions make clear that his aim is to vexatiously multiply these proceedings—but his scheme has resulted in a threadbare, insufficient pleading that fails to establish any entitlement to relief.

### C. Pac Fill Sought to Comply with Local Rule 7-3 But Dashti Refused to Speak

Pac Fill notified Dashti of its intent to move to dismiss the complaint and asked for dates and times for a live conversation; Dashti never agreed to speak about the motion. Dashti attempts to confuse the issue in his opposition brief by referring to Pac Fill's meet-and-confer correspondence regarding *other* motions. But, notably, Dashti does not expressly dispute receiving notice about *this* motion and does not assert that he ever meaningfully agreed to speak (or actually spoke) with Pac Fill's counsel. This is because, after May 2026, Dashti has *never* spoken with Pac Fill's counsel, nor has Dashti appeared at scheduled court hearings on his own discovery motions. Dashti cannot invoke L.R. 7-3 to stonewall Pac Fill's motions while simultaneously refusing to speak with Pac Fill's counsel.

Because Dashti only corresponds sporadically, and consistently refuses to address all or any of Pac Fill's attorneys in his emails and letters, the parties' correspondence history is convoluted. Relevant here, Pac Fill sent Dashti an email on July 30, 2026—*thirteen days* before Pac Fill filed the motion to dismiss, and even before the notice of removal in this case. (Dkt. 7 at 2; Dkt. 7-2 at ¶ 2; Weng Decl. at ¶ 2, Ex. 1.)[3] On August 3, Dashti replied in a parallel email thread regarding motion practice in the parallel actions, and appeared to expressly refuse to discuss the newest state-court complaint:

---

[3] Because the initial correspondence was sent before removal of this matter to this Court, the email subject references Los Angeles Superior Court Case No. 26VECV03848.

> This Rule 7-3 conference does not include the separate state-court action, Case No. 26VECV03848. … Reference to the state-court case number is made only to exclude that separate matter from the scope of this Local Rule 7-3 conference and may not be characterized as Plaintiff's consent to discuss or combine the actions.

(Weng Decl., at ¶ 3, Ex. 2.) Pac Fill wrote again following up on the motion to dismiss on August 7, 2026, after the case had been removed to federal court, to clarify whether Dashti would speak about the present motion in light of his August 3 statement. (*Id.* at ¶ 4, Ex. 1.) Dashti responded to that message and appeared to conflate the issue of the motion to dismiss with correspondence regarding other motion practice in the parallel cases; when Pac Fill immediately replied again to ask and clarify whether Dashti was willing to speak about this motion to dismiss, Dashti did not respond. (*Id.*) Copies of those emails are attached. (*Id.*, Exs. 1–2.) Dashti's opposition brief disingenuously implies that the August 7 message was the first such outreach, and therefore he received fewer than seven days' notice as required by L.R. 7-3. (Opp. at 5.) The emails show that this is not true and that, even after August 7, Dashti would not agree to a conversation.

Dashti also asserts that Pac Fill's August 7 communication concerned *only* other matters—namely, Dashti's proposed second amended complaint in the 3385 Action. (Opp. at 5.) This is either Dashti's disorganization or a deliberate misrepresentation. As Dashti is well aware, there are *multiple* disputes in the *three* co-pending proceedings regrettably giving rise to many contemplated motions. It is true that Pac Fill separately wrote Dashti on August 7 about pleading disputes in the parallel cases. But Pac Fill *also* specifically wrote to Dashti about the present motion on both July 30 and August 7 in separate, independent email threads.

Importantly, although Dashti evidently concedes receipt of the August 7 follow-up email, Dashti does not state that he ever responded to Pac Fill or agreed to participate in a live discussion. This is a pattern with Dashti. Dashti sends Pac Fill long (likely machine-drafted) letters with convoluted arguments and demands but

flatly refuses to actually speak with Pac Fill's counsel, either by ignoring Pac Fill's requests or by imposing arbitrary preconditions on his willingness to speak. Dashti failed to appear at a live court hearing on his *own* motion to compel discovery and a *court-ordered conference* regarding Pac Fill's contemplated discovery motions before the magistrate judge in the 3385 Action on August 25. (3385 Action Dkt. 50, 69, and 76.) And, in this action, Dashti's motion to remand entirely lacks even a perfunctory L.R. 7-3 compliance statement. (Dkt. 18.)

Dashti cannot tactically prevent Pac Fill's litigation of these cases by refusing to comply with L.R. 7-3, or by misrepresenting that Pac Fill failed to try to speak to him. Given Dashti's litigation practices, it is regrettably unlikely that the parties could have resolved the issue without Court intervention in any event. But Dashti's actions show that he does not actually want to have any live discussions regarding motions, even at court-ordered in-person conferences.

## III. CONCLUSION

Dashti filed the present Complaint to vexatiously multiply proceedings and to seek either back-door discovery or obtain a dubious default judgment to use to his advantage in the preexisting proceedings. As a consequence of that aim, Dashti's complaint fails to state a claim upon which declaratory relief can be granted for failure to adequately allege an underlying controversy; for seeking factual declarations that resolve no legal claims or relationships; and for which Dashti already has adequate remedies and processes available. Dashti's gamesmanship must come to an end, and so the Court should dismiss this Complaint with prejudice and without leave to amend.

///

///

///

///

///

DATED: August 31, 2026

HANSON BRIDGETT LLP

By: */s/ Garner K. Weng*
RAFFI V. ZEROUNIAN
GARNER K. WENG
SUSANNA L. CHENETTE
JUSTIN P. THIELE

***Attorneys for Defendant***
PAC FILL, INC. d/b/a SUN DAIRY

# PROOF OF SERVICE

***Dashti v. Pac Fill, Inc. dba Sun Dairy***
**Case No. 2:26-cv-08674-PA-RAOx**

**STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Contra Costa, State of California. My business address is 1676 N. California Blvd., Suite 620, Walnut Creek, CA 94596.

On August 31, 2026, I served true copies of the following document(s) described as **DEFENDANT PAC FILL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT [Fed. R. Civ. P. 12 (b)(6)]** on the interested parties in this action as follows:

| | |
|---|---|
| Steve S Dashti<br>21200 Oxnard Street, #508<br>Woodland Hills, CA 91367<br>stevedashti@gmail.com | ***Plaintiff in Pro Per*** |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lprongos@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 31, 2026, at Alameda, California.

Laura Prongos

Laura A. Prongos