**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8674 PA (BFMx) | Date | September 25, 2026 |
| Title | Steve S. Dashti v. Pac Fill, Inc. d/b/a/Sun Dairy | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS–COURT ORDER

Before the Court is a Motion to Dismiss the Complaint ("Motion") filed by defendant Pac Fill, Inc., d/b/a Sun Dairy[1/] (Docket No. 7), and a Motion to Remand filed by Plaintiff Steve S. Dashti ("Plaintiff" or "Dashti") (Docket No. 18). This is the third action pending before this Court between Dashti and defendant Pac Fill, Inc. d/b/a/ Sun Dairy ("Defendant" or "Pac Fill") related the claims associated with Plaintiff's alleged infringing use of the ABALI mark. The Motions are fully briefed. (Docket Nos.19, 20, 21, 29.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument. The hearings on the Motions were previously vacated, and the matters taken off calendar.

## I. Factual and Procedural Background

### A. The Related Litigation

In the first case between these parties, Dashti v. Pac, Fill, Inc., CV 26-3385 PA (BFMx), Dashti, who is appearing pro se, filed a Complaint in Los Angeles County Superior Court that was removed by Pac Fill to this Court on March 30, 2026. That Complaint alleged state law claims arising out of Pac Fill's attempt to stop Dashti from using the "ABALI" mark in his food and beverage business involving dairy-based products, including yogurt drinks. On May 14, 2026, the Court granted Pac Fill's Motion to Dismiss Dashti's state law claims for Unfair Competition (Cal. Bus. & Prof. Code § 17200) ("UCL") and Interference with Prospective Economic Advantage without leave to amend. (Docket No. 27.) The Court granted the Motion

[1/] Pac Fill does business as Sun Dairy, and was served by Dashti at its place of business with the Summons and Complaint on behalf of Sun Dairy. (Pac Fill's Opp'n. to Motion to Remand at p. 7.)

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8674 PA (BFMx) | Date | September 25, 2026 |
| Title | Steve S. Dashti v. Pac Fill, Inc. d/b/a/Sun Dairy | | |

because those claims were based on allegations of prelitigation conduct protected by California's statutory litigation privilege, Cal. Civ. Code § 47(b), specifically, Pac Fill's January 19, 2026 cease and desist letter threatening legal action absent compliance, and its follow-up communications. (Id.)

On July 17, 2026, Dashti filed a First Amended Complaint asserting claims for (1) Cancellation, Restriction, Modification or Declaration of Unenforceability of Registration No. 8,219, 926 (Defendant's ABALI mark); (2) False Designation of Origin (15 U.SC. § 1125(a)(1)(A)); (3) False Advertising (15 U.S.C. § 1125(a)(1)(B)); and (4) an additional claim for Declaratory Relief. (CV 26-3385 Docket No. 54.) In his Motion to file the amended complaint, Plaintiff argued that there was good cause for amendment because of "additional information, documentary evidence, public records, and other materials relating to a list of seven different topics addressing the history and Defendant's use of the ABALI mark, and the representations that Defendant has made regarding the origin and quality of its products." (Id. Docket No. 44.) On August 6, 2026, Pac Fill filed a Counterclaim against Dashti and Bibi United, asserting claims for (1) Lanham Act Trademark Infringement under 15 U.S.C. §§ 1114(a), 1125(a)(1)(A); (2) a California UCL claim; (3) California Common Law Trademark Infringement; and (4) California Common Law Unfair Competition. (Id. Docket No. 63.) On September 18, 2026, the Court denied Dashti's Motions for Leave to File Second Amended Complaint and to Dismiss Pac Fill's Counterclaim. (Id. Docket No. 90.)

On April 6, 2026, Pac Fill filed a related action against Dashti and his associated corporation, Bibi United Group, Inc. ("Bibi United"), based on Dashti's use of the ABALI mark. (Pac Fill, Inc. v. Saeed "Steve" Dashti, et al., CV 26-3645 PA (BFMx)). Pac Fill's First Amended Complaint ("FAC") in that action asserts claims for: (1) Lanham Act Registered Trademark Infringement under 15 U.S.C. § 1114(a); (2) Lanham Act Common Law Trademark Infringement under 15 U.S.C. § 1125 (a)(1)(A); (3) California Unfair Competition under Cal. Bus. & Prof. Code § 17200; (4) California Common Law Trademark Infringement; and (5) California Common Law Unfair Competition. In that action, Pac Fill seeks an injunction enjoining Dashti and Bibi United from using or seeking to register the ABALI mark or any marks confusingly similar to the ABALI mark. Pac Fill also seeks an accounting, damages, and attorney's fees, and requests that the Court order the United States Patent and Trademark Office ("USPTO") to deny or cancel Dashti's pending USPTO trademark registration application, and the Secretary of the State of California to cancel Dashti's registered ABALI mark. (CV 26-3645 Docket No. 15.)

On May 16, 2026, Dashti filed an Amended Answer and Amended Counterclaim ("AC") in the related action. (Id. Docket No. 31.) The AC asserted claims for: (1) Intentional Interference with Prospective Economic Advantage; (2) Unfair Competition under Cal. Bus. & Prof. Code § 17200; and (3) Declaratory Relief. Pac Fill then moved to strike Dashti's state law claims under California's anti-SLAPP procedure. The Court, concluding that Dashti's counterclaims for interference with a prospective advantage and unfair competition arose from protected activity, and that Dashti failed to demonstrate a reasonable probability of prevailing or that he could negate Pac Fill's constitutional defenses, granted the Motion to Strike, leaving only the declaratory relief claim. (Id. Docket No. 50.)

**B. The State Court Declaratory Relief Action**

Dashti initiated this action in Los Angeles County Superior Court on July 1, 2026, alleging a claim for declaratory relief under California Code of Civil Procedure § 1060. Pac Fill removed the case to federal court on August 6, 2026. (Docket No. 1.) Dashti's state court complaint alleges that this action "arises from Defendant's commercial business activities conducted in the State of California under the name 'Sun Dairy Company.'" (Compl. ¶ 1). Dashti seeks declaratory relief that requires Pac Fill to identify both its legal authority to conduct business as Sun Dairy Company and the basis for each category of commercial damages asserted against Plaintiff in the related litigation. The Complaint also asserts that Plaintiff is entitled to a judicial declaration identifying: (1) Defendant's true legal identity and ability to do business as Sun Dairy Company; (2) the factual basis for Defendant's representations regarding its commercial business history and operations; (3) the basis and evidentiary support for each category of the commercial damage claims asserted against Plaintiff; and (4) the respective rights of the parties concerning Defendant's commercial damage claims. (Compl. at pp. 5-6.)

Pac Fill moves to dismiss this action without leave to amend on the grounds that it fails to state a viable claim for declaratory relief, and also because it is an improper duplicative action. Dashti moves to remand the action on the grounds that as alleged, it is a state law action for declaratory relief concerning the parties' business relationships and disputes, and not subject to this Court's subject matter jurisdiction.

## II. Legal Standard

### A. Declaratory Relief

As courts have acknowledged, "whether the state or federal statute applies makes little difference as a practical matter, as the two statutes are broadly equivalent." In re Adobe Sys., Inc. Priv. Litig., 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014); see also Judan v. Wells Fargo Bank, Nat'l Ass'n, No. 15-CV-05029-H.G., 2017 WL 3115172, at *11 (N.D. Cal. July 21, 2017) (recognizing that the DJA and CDRA are "broadly equivalent"). Thus, the Court need not decide whether the federal Declaratory Judgment Act, 28 U.S.C. § 2201 or the California Declaratory Relief Act, Cal. Civ. Proc. Code § 1060 applies. Cf. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("'[T]he operation of the Declaratory Judgment Act is procedural only.'" (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937))). The Court will thus consider Dashti's declaratory relief claim under the federal Declaratory Judgment Act. See Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1222–23 (9th Cir. 1998); Cal. Code Civ. P. §§ 1060, 1061.

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "[F]ederal courts have never been empowered to issue advisory opinions." F.C.C. v. Pacifica Foundation, 438 U.S. 726, 735 (1978). The Ninth Circuit has explained: "[w]hen presented with a claim for a declaratory judgment, [] federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion." Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (citation omitted); see also Coal. for a Healthy Cal. v. F.C.C., 87 F.3d 383, 386 (9th Cir. 1996) (noting that "federal courts have never been empowered to issue advisory opinions").

"An actual case or controversy exists where 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)). "Moreover, the dispute has to be 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" Id. (quoting MedImmune, 549 U.S. at 127); see also Veoh Networks, Inc. v. UMG Recordings, Inc., 522 F. Supp. 2d 1265, 1269 (S.D. Cal. 2007) ("The controversy must be real, substantial, and capable of specific relief through a decree of conclusive character.").

The Ninth Circuit has explained that "[t]wo issues are presented to the district court" when it assesses whether it may and should exercise jurisdiction over an action for declaratory judgment. American States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir. 1994). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction. Jurisdiction to award declaratory relief exists only in a case of actual controversy. We have held that this requirement is identical to Article III's constitutional case or controversy requirement." Id. at 143. "Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction." Id. at 143-44.

Under the Declaratory Judgment Act, federal courts have "unique and substantial discretion" in determining whether to entertain declaratory actions, particularly where parallel proceedings and concerns of practical judicial administration counsel against piecemeal adjudication. Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). This discretion to administer the declaratory judgment practice is broad. Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 903 (Fed. Cir. 2008); Sony Elecs., Inc. v. Guardian Media Techs., Ltd., 497 F.3d 1271, 1288 (Fed. Cir. 2007). However, there must be a well-founded reason for declining to entertain a declaratory judgment action. Capo, Inc. v. Dioptics Medical Products, Inc., 387 F.3d 1352, 1355 (Fed. Cir. 2004); SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1383 (Fed. Cir. 2007). In the Ninth Circuit, courts consider the non-exclusive Brillhart/Dizol factors, including avoiding the needless determination of issues already implicated in parallel proceedings, discouraging forum shopping and procedural fencing, and avoiding duplicative litigation. Government Employees Insurance Co. v. Diol., 133 F.3d 1220, 1225 (9th Cir. 1998).

As this Court has explained, "[d]ismissal of declaratory claims is appropriate where declaratory relief would not address any issues that are not addressed by Plaintiff['s] other claims." Calderon v. Wells Fargo Bank, N.A., No. CV 12-0605 PA (SHX), 2012 WL 13012953, at *7 (C.D. Cal. Mar. 5, 2012) ("When the declaratory relief a plaintiff seeks is commensurate with the relief sought through the other causes of action, the declaratory relief claim is 'duplicative and unnecessary' and should be dismissed.") (citations omitted); see also Swartz v. KPMG LLP, 476 F.3d 756, 765–66 (9th Cir. 2007) (finding the district court did not err in dismissing plaintiff's request for declaratory judgment insofar as plaintiff sought "a declaration of defendants' liability for damages sought for his other causes of action [] [because] the claim is merely duplicative and was properly dismissed").

**B. Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give

rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009).

### C. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. (citing 28 U.S.C. § 1331). "Federal-question jurisdiction stems from a congressional enactment, 28 U.S.C. § 1331, which provides that '[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.'" City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020) (quoting § 1331). "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." Id. (citing Caterpillar, 482 U.S. at 392). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. Federal question jurisdiction is not present where the complaint is based entirely on state law, even if issues of federal law are certain to be raised in defendant's answer or counterclaim. Phillips Petrol. Co. v. Texaco, Inc., 415 U.S. 125, 127–28 (1974). Thus, "a case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393.

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-8674 PA (BFMx) | Date | September 25, 2026 |
| Title | Steve S. Dashti v. Pac Fill, Inc. d/b/a/Sun Dairy | | |

(D. Or. 2001). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

## III. Judicial Notice

In connection with its Motion to Dismiss and its Opposition to the Motion to Remand, Defendant requests that the Court take judicial notice of: (1) Dashti's Motion to Compel Discovery in CV 26-3385 PA (BFMx) (Docket No. 59); (2) Dashti's Opposition to Motion to Consolidate in CV 26-3385 PA (BFMx) (Docket No. 51); (3) Pac Fill's information filed with the California Secretary of State; and (4) all pleadings and filings in the two related cases, CV 26-3385 PA (BFMx) and CV 26-3465 PA (BFMx). (Docket Nos. 7–3, 21–2.)

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Vista USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006). Public records and information on government agency websites are properly subject to judicial notice. Wilson v. Frito-Lay N. Am., Inc., 260 F. Supp. 3d 1202, 1206 (N.D. Cal. 2017). Plaintiff did not oppose the requests. The Court therefore grants Defendant's requests for judicial notice.

## IV. Discussion

### A. Motion to Remand

As a general matter, where the disputed liability is under state law, and federal law is implicated only as a defense to that liability, a declaratory relief claim does not "arise" under federal law. Morongo v. Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1386 (9th Cir. 1989). Federal jurisdiction does arise, however, when a plaintiff's well pleaded complaint alleges that the defendant could bring a coercive action arising under federal law. Janakes v. U.S. Postal Service, 768 F.2d 1091, 1093 (9th Cir. 1985) (citing Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 16-19 & nn. 14, 19 (1983)); Standard Ins. Co. v. Saklad, 127 F.3d 1179, 1181 (9th Cir. 1997) (holding that courts can determine jurisdiction in declaratory relief action by "reposition[ing] the parties [and] asking

whether [it] would have jurisdiction had the declaratory relief defendant been a plaintiff seeking a federal remedy."); Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003).

As discussed below, Plaintiff's Complaint fails to state a viable claim for declaratory relief. However, to the extent that Plaintiff seeks a judicial declaration relating to Pac Fill's claims for "commercial damages asserted against Plaintiff" (Compl. ¶ 32 and Prayer for Relief at p. 6), those claims arise under federal trademark law. The Court thus concludes that based on the nature of Pac Fill's action if it were the plaintiff, federal question jurisdiction over this action exists. See Brocato v. Angelo Brocato Ice Cream, 2003 WL 22038402 (E.D. La. 2003) (denying motion to remand in trademark dispute; "[t]he law is now well-settled that when a state law declaratory judgment action is removed to federal court, it is the nature of the threatened coercive action that determines whether federal jurisdiction exists.") (citing Franchise Tax Bd., 463 U.S. at 17-22.)

Accordingly, the Court denies Plaintiff's Motion to Remand.

### B. Motion to Dismiss

Pac Fill argues that Plaintiff's Complaint fails to establish a viable claim for declaratory relief because it does not allege either of the essential elements–a proper subject of declaratory relief and an actual controversy involving justiciable questions relating to the rights and obligations of a party. (Motion at p. 4.) The Court agrees. This action essentially seeks an advisory opinion that is more akin to discovery requests to answer Dashti's questions about whether Pac Fill is authorized to do business as Sun Dairy Company, the factual basis for Pac Fill's representations about its business history, and the basis for its damage claims. Indeed, Pac Fill cites to several discovery requests in the related litigation that mirror the "declaratory relief" requested in this case. (Motion at pp. 6-7.)

Nor does the Complaint allege an actual case or controversy under a cognizable legal theory. Declaratory relief exists to determine "the legal relations between the parties"and "whether it will terminate the controversy," and not to resolve factual disputes for use in other litigation. See Los Angeles County Bar Association v. March Fong Eu, 979 F.2d 697, 703 (ith Cir. 1992) (citing 6A Moore's Federal Practice and Procedure P 57.08(1) (2d ed. 1991). The Court thus concludes that the Complaint is subject to dismissal for failure to allege an actual, justiciable case or controversy.

The Court also considers this case an improper duplicative second action given the substantial overlap with the case Dashti originally filed against Pac Fill, CV 26-3385 PA (BFMx). Despite Dashti's apparent contention that Pac Fill and Sun Dairy Company are not the same party, Pac Fill has appeared in this case as the Defendant, doing business as Sun Dairy Company. The parties are thus the same, and the claims and relief substantially overlap. Moreover, it appears that the majority of the relief sought here can be obtained in discovery in the other cases, or in connection with the claims and counterclaims asserted therein. Accordingly, this separate claim for declaratory relief does not serve the purpose of a declaratory relief action–assisting in the clarification of the legal relationship between the parties. See Nguyen v. PennyMacLoan Services, LLC, SACV 12-1574 CJC (ANx), 2012 WL 6067242, *5 (C.D. Cal. 2012) ("Courts generally deny declaratory relief where another remedy is found to be more appropriate.")

Lastly, for all the foregoing reasons, even if Plaintiff had alleged a proper claim for declaratory relief, the Court would decline to exercise its discretionary declaratory relief jurisdiction to hear this case.

## Conclusion

Accordingly, the Court denies Dashti's Motion to Remand, and grants Pac Fill's Motion to Dismiss. The Court also declines to exercise its discretionary jurisdiction over Plaintiff's duplicative and improper declaratory relief claim. Plaintiff's Complaint is dismissed with prejudice and without leave to amend. A Judgment of Dismissal will be entered in accordance with this Order.

IT IS SO ORDERED.