FILED
CLERK, U.S. DISTRICT COURT
9/19/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Steve Dashti
21200 Oxnard St. # 508
Woodland Hills 91367
Plaintiff. Pro Se

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**STEVE DASHTI,**
Plaintiff

v.

**SUN DAIRY COMPANY,**
Defendant

**CASE NO. 2:26-CV-08674-PA (BFMX)**

**PLAINTIFF STEVE DASHTI'S EX PARTE APPLICATION FOR LEAVE TO FILE A CORRECTED 11-PAGE REPLY; REQUEST FOR LIMITED EXTENSION UNDER FED. R. CIV. P. 6(b)(1)(B)**

Hearing Date: September 28, 2026
Time: 1:30 p.m.
Courtroom: 9A
Judge: Hon. Percy Anderson

# EX PARTE APPLICATION

Plaintiff Steve Dashti, appearing pro se, respectfully applies under Local Rules 7-19 and 7-19.1 and Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file a corrected 11-page Reply in Support of Plaintiff's Motion to Remand (Dkt. 18), together with the exhibits cited in that corrected Reply. Plaintiff originally lodged his Reply on September 8, 2026, before the ordinary reply deadline for the September 28, 2026 hearing. See Dkt. 28. Plaintiff also sought leave to exceed the applicable 11-page limit. The Court denied that request on September 15, 2026. See

Dkt. 30. Plaintiff has now reduced the Reply to 11 pages and seeks permission to file that compliant version as the operative Reply in support of Dkt. 18.

Because the ordinary reply deadline has now passed, Plaintiff also requests the limited extension necessary under Rule 6(b)(1)(B). The original Reply was timely lodged; Plaintiff awaited the Court's ruling on the page-limit request; and, after Dkt. 30 issued, Plaintiff promptly prepared an 11-page version that conforms to the Court's limitation. Dkt. 30 denied the prior application because there was no showing of good cause and no showing of compliance with the Local Rule governing ex parte applications. This application addresses both points: it sets out the good cause for the narrow corrective filing and includes Plaintiff's declaration describing his pre-filing notice efforts under Local Rule 7-19.1. The requested relief is limited to permitting the compliant Reply to be filed. Plaintiff does not seek to enlarge the September 28 hearing date, revive the request for excess pages, or obtain substantive relief through this application.

## OPPOSING COUNSEL AND EX PARTE NOTICE

Counsel for Pac Fill, Inc. is Garner K. Weng of Hanson Bridgett LLP. Plaintiff has regularly communicated with and served counsel's office through Laura A. Prongos of Hanson Bridgett LLP. Before filing this application, Plaintiff made a reasonable good-faith oral effort to provide notice by calling counsel's office on September 19, 2026, at approximately 11:30 a.m. No one answered. Plaintiff then provided written notice by email to Hanson Bridgett LLP through Laura A. Prongos before filing. Because no one answered the call and no response had been received at that time, opposing counsel's position on this application was unknown.

# I. GOOD CAUSE EXISTS FOR THE REQUESTED RELIEF

Good cause exists because Plaintiff timely lodged his original Reply on September 8, 2026, before the ordinary reply deadline for the September 28 hearing. Plaintiff then sought leave concerning the page limit. After the Court denied leave to exceed 11 pages, Plaintiff promptly revised the Reply to comply fully with the Court's 11-page limitation. Plaintiff does not seek permission to exceed the page limit or reconsideration of Dkt. 30. He seeks only leave to file the shortened, compliant 11-page Reply in place of Dkt. 28.

Ex parte relief is necessary because the Motion to Remand is set for hearing on September 28, 2026, and a regularly noticed motion for leave could not be heard before that date. The corrected Reply addresses the same remand motion and opposition already before the Court, is shorter than the version previously lodged, and does not require any change to the September 28 hearing date.

# II. RULE 6(b)(1)(B) RELIEF IS WARRANTED

Rule 6(b)(1)(B) permits the Court, after a deadline has expired, to extend time upon a showing of excusable neglect. The circumstances here support a limited extension. Plaintiff acted before the ordinary reply deadline by lodging his Reply and seeking leave concerning the page limit. The present delay is short and arose while Plaintiff awaited the Court's ruling on that request. After the Court denied leave to exceed 11 pages, Plaintiff promptly prepared a compliant version. The requested filing will not alter the hearing date and, because it is a shortened version of the Reply already lodged, Plaintiff submits that allowing it will not unfairly prejudice Pac Fill. Plaintiff has acted in good faith and requests only the time necessary to make the corrective filing.

# III. REQUESTED RELIEF

Plaintiff respectfully requests that the Court: (1) grant leave to file the proposed Corrected 11-Page Reply in Support of Motion to Remand; (2) deem that corrected Reply the operative Reply in support of Dkt. 18; and (3) grant the limited extension under Rule 6(b)(1)(B) necessary to permit that corrective filing. Plaintiff further requests such other limited procedural relief as the Court deems appropriate to effectuate the filing without changing the September 28, 2026 hearing date.

Dated: September 19, 2026

Respectfully submitted,

/s/ Steve S. Dashti

Steve S. Dashti

Plaintiff, Pro Se

# DECLARATION OF STEVE S. DASHTI REGARDING EX PARTE NOTICE AND SUPPORTING FACTS

I, Steve S. Dashti, declare:

1. I am the Plaintiff in this action and appear pro se. I have personal knowledge of the facts stated in this declaration.

2. The Motion to Remand (Dkt. 18) is set for hearing on September 28, 2026, at 1:30 p.m.

3. On September 8, 2026, I lodged my Reply in Support of the Motion to Remand before the ordinary reply deadline for the September 28 hearing. The lodged Reply appears on the docket as Dkt. 28.

4. I also sought leave to exceed the applicable 11-page limit. On September 15, 2026, the Court denied that request. See Dkt. 30.

5. After Dkt. 30 issued, I promptly revised the Reply to comply with the 11-page limit. I am seeking leave to file that shortened version, not reconsideration of the request to exceed the page limit.

6. The corrected Reply does not require a change to the September 28 hearing date.

7. Before filing this ex parte application, on September 19, 2026, at approximately 11:30 a.m., I called the office of counsel for Pac Fill, Inc. to provide oral notice that I intended to file an ex parte application seeking leave to file a corrected 11-page Reply in connection with the September 28, 2026 hearing on Plaintiff's Motion to Remand. No one answered the call. I then sent written notice by email to Hanson Bridgett LLP through Laura A. Prongos before filing this application.

8. Because no one answered the office call, counsel's position was not known to me at that time. The underlying remand hearing remains set for September 28, 2026, so a regularly noticed motion for leave could not be heard before the underlying motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 19, 2026,

/s/ Steve S. Dashti

Steve S. Dashti